IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON LOUIS HURD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3867 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging the imposition of sex offender conditions on his 2010 mandatory supervised release. Respondent filed a motion for summary judgment (Docket Entry No. 15), to which petitioner filed a response (Docket Entry No. 16).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Peitioner was convicted of burglary of a habitation with intent to commit indecency with a child in 1976. In 1980, petitioner discharged his sentence and was released from prison. In 1989, he pleaded guilty to delivery of a controlled substance and was sentenced to twenty years' incarceration. He was released to mandatory supervision on May 18, 2010, but his release was revoked on April 27, 2011.

Petitioner filed the instant petition on October 25, 2011, complaining that the Texas Board of Pardons and Paroles ("the Board") violated his *ex post facto* and double jeopardy rights by unlawfully imposing sex offender conditions on his 2010 mandatory supervised release, then revoking the release in 2011 for his violation of the unlawful conditions.[1]

Respondent argues that these claims should be dismissed for failure to exhaust. In the alternative, respondent argues that petitioner's underlying claims were addressed and rejected by this Court in *Hurd v. Thaler*, C.A. No. 09-cv-1038 (S.D. Tex. 2010), and should be rejected here for the same reasons.

*Analysis*

Petitioner alleges that the Board violated his rights under the *ex post facto* clause and double jeopardy clause by imposing sex offender restrictions as conditions of his release in 2010, which were then subsequently used to revoke his release in 2011 for violation of those conditions. Respondent correctly argues that these claims are unexhausted. Nevertheless, the Court will address the claims as they are without merit.

Sex offender restrictions and conditions were imposed on petitioner based on his 1976 conviction for burglary of a habitation with intent to commit indecency with a child. *See Hurd v. Thaler*, C.A. No. 09-cv-1038 (S.D. Tex. 2010). This is not the first time petitioner has been unsuccessfully released under sex offender conditions and restrictions, and not the

---

[1] Petitioner also raised a claim for denial of equal protection, but in his response to the motion for summary judgment he requests the Court to allow him to withdraw the claim. (Docket Entry No. 16, p. 13.) The request is GRANTED and the equal protection claim is withdrawn.

first time he has unsuccessfully challenged those conditions and the ensuing revocations of release. To the contrary, petitioner has been unsuccessfully released to parole or mandatory supervision a total of five times during his current holding sentence: December 12, 1991, May 1, 1995, January 26, 2004, March 24, 2009, and May 18, 2010. Public court records show that, since 2003, petitioner has filed no fewer than seven state applications for habeas relief with the Texas Court of Criminal Appeals challenging his sex offender conditions of release and subsequent revocations of release. His most recent state application, challenging anew his sex offender conditions of release, remains pending with the trial court.

Petitioner presented these challenges to the federal district courts in his 2009 section 2254 lawsuit in *Hurd v. Thaler*, C.A. No. 09-cv-1038 (S.D. Tex. 2010). In that case, this Court considered and rejected the claims raised here by petitioner. Specifically, the Court noted that the Supreme Court rejected arguments concerning the restrictive conditions of supervised release imposed on sex offenders, holding that sex offender conditions of parole or mandatory supervision do not violate the *ex post facto* clause. *See Smith v. Doe*, 538 U.S. 84, 103–04 (2003). As the Fifth Circuit has explained, the restrictions typically imposed in Texas do not violate the *ex post facto* clause because the sex offender conditions are not intended to be punitive and they serve important non-punitive goals. *Rieck v. Cockrell*, 321 F.3d 487, 488 (5th Cir. 2003). Moreover, the conditions do not constitute punishment and do not increase an offender's punishment. *See Cruz v. Texas Parole Div.*, 87 F. App'x 346, 2004 WL 190251 (5th Cir. 2004).

The Court in *Hurd* also determined that petitioner's double jeopardy challenge to his sex offender conditions of mandatory supervised release were without merit. Specifically, the Court held that, because the conditions were non-punitive and did not constitute punishment, imposition of the conditions did not constitute multiple punishments for the same offense, citing *Cruz*.

Accordingly, petitioner fails to establish an *ex post facto* or double jeopardy violation, and respondent is entitled to summary judgment dismissal of petitioner's claims.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 15) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on August 3, 2012.

_____
Gray H. Miller
United States District Judge